Howebii, J.
Defendant, sued by executory process, enjoined the sale of his property mortgaged to secure six notes, payable to his own order, and by him endorsed (of which three are held by plaintiff) and not paid at maturity.
The only ground for the injunction, urged in this Court, is, that the consideration of saidnotes was unlawful, being a loan in Confederate notes.
The proof is, that on the 1st day of April, 1862, the defendant made an agreement with Abat, Generes & Oo. for a loan of $30.000, for which he gave them the said six notes, secured by mortgage, and received from them their cheek on the Citizens’ Bank for $28,620, payable to the order of, and endorsed by Thornhill & Co., which was deposited (it does not appear by whom) iu some other bank, and collected in the next morning’s exchanges between banks; it was not paid over the counter. Nothing was said at the time of the agreement about the currency to be received. It is also shown that at the date of the check, Abat, Generes & Co. had not, in the Citizens’ Bank subject to their checks, anything but Confederate currency; that general checks were paid in such currency, and that plaintiff acquired the notes in suit on 11th August, 1862, (some months prior to their maturity) for a valuable consideration.
Tliis does not establish, with certainty, the allegation that the loan was made to defendant in Confederate notes. As held in the case of Weaver v. Anfoux, recently decided, it was incumbent on him to adduce evidence so complete as to leave nothing to surmise or conjecture, to relieve himself from a contract, in the alleged immorality and illegality of which he is a participant. This he has failed to do. He manifestly did not receive Confederate notes from the lenders. What he did receive was a check, which, by the evidence, was simply exchanged, and not. paid in any currency; but it does not appear that the parties, by their transaction, gave circulation and credit to a “ treasonable issue;” for nothing was said between them at the time as to the currency in which the loan was made or to be made, and no such currency passed between them. The drawing, delivery, and subsequent exchange of a check on a bank, as in this case, do not constitute the offence or injury to the public, for which courts of justice would refuse to give effect to an agreement between the parties. It is not to be presumed that the payee agreed to violate the law or gopd morals, Judgment affirmed.